UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN TAYLOR,

    Plaintiff,

v.                                                        CASE NO. 8:23-cv-470-SDM-AEP

LEADPOINT, INC.,

    Defendant.
_____/

**ORDER**

    Asserting a putative class claim under the Telephone Consumer Protection Act (TCPA), Robin Taylor alleges that on April 22, 2021, LeadPoint, Inc., called Taylor's cellphone number — used for residential purposes and listed in the national do-not-call registry since 2009 — five times in one day. (Doc. 20 at 4). After ignoring the first four calls, Taylor answered the fifth call, during which LeadPoint allegedly tried to sell Taylor "a reverse mortgage." (Doc. 20 at 4)

    In a one-count complaint (Doc. 20), Taylor claims that LeadPoint's phone calls violate 47 U.S.C. § 227(c)(5),[1] which confers a private right of action on anyone who, within any twelve months, receives "more than one telephone call . . . by or on behalf of the same entity in violation of the regulations prescribed under Section

---

    [1] Although explicitly predicating her claim on the five phone calls only, Taylor also alleges that in September and October 2021 LeadPoint sent Taylor at least five text messages advertising similar services. (Doc. 20 at 5–6)

227(c). Specifically, the complaint suggests that each call violates 47 C.F.R. § 64.1200(c), which prohibits a telemarketer from "initiat[ing] any telephone solicitation to . . . [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."

Arguing that the complaint fails to demonstrate that any of the four rejected phone calls constitutes a "telephone solicitation" and fails to demonstrate that Taylor was a "residential telephone subscriber," LeadPoint moves (Doc. 24) to dismiss. Also, LeadPoint moves to stay the action pending the Eleventh Circuit's *en banc* rehearing of *Drazen v. Pinto*, No. 21-10199. Taylor responds (Doc. 28) in opposition, and LeadPoint moves (Doc. 29) for leave to reply.[2]

First, the motion (Doc. 24) to dismiss argues that 47 C.F.R. § 64.1200(c) regulates only a "telephone solicitation" — "a term of art that the regulations specifically define." (Doc. 24 at 2) Because she never answered the first four calls, the motion continues, Taylor cannot allege facts demonstrating that any of the first four calls constitutes a "telephone solicitation." Thus, the motion concludes, the complaint alleges that only the final call violates 47 C.F.R. § 64,1200(c), and, therefore, Taylor received one telephone call violating a regulation — not "more than one telephone call" — and the complaint fails to state a claim under Section 227(c)(5).

---

[2] The motion (Doc. 29) for leave to reply insists that Taylor's response "ignores on-point authority" cited by LeadPoint and "ignores the majority of LeadPoint's arguments" supporting a stay. The arguments and authority speak for themselves, and the motion warrants denial.

In 47 C.F.R. § 64.1200(f)(15), the FCC defines "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase [of] . . . goods[] or services." That is, the purpose of the call creates the telephone solicitation, and a plaintiff "receives" a telephone solicitation even if the plaintiff declines to answer the call. In other words, if LeadPoint "initiat[ed]" each call to Taylor intending to advertise a service, Taylor received five telephone solicitations (even if no call was answered).

Notwithstanding the FCC's focus on a caller's purpose, LeadPoint insists that the action warrants dismissal because Taylor "cannot allege facts demonstrating that the calls qualified as 'telephone solicitations.'" (Doc. 24 at 8) Citing several district court decisions — none from this district or this circuit — LeadPoint argues that a plaintiff who "does not allege the contents of" a specific call fails to plausibly allege that the call was "initiated for the purpose of" selling a good or service and fails to plausibly allege that the call constitutes a telephone solicitation. That is, LeadPoint insists that, unless a plaintiff answers the call and listens to the salesman's pitch, a plaintiff cannot demonstrate that the salesman initiated the call "for the purpose of" delivering the pitch. And even if the plaintiff answers a call and listens to the salesman's pitch, LeadPoint insists that the plaintiff cannot demonstrate that the salesman initiated any other calls for that same purpose. That insistence is untenable.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009), instruct a district court to "draw on its experience and common sense" to assess whether a complaint states a claim. And experience and

- 3 -

common sense engender the plausible inference that, if a company calls a person five times in a day and advertises the company's service when the person finally answers, the company intended by each call to advertise the service.[3] If LeadPoint insists that the four-daily calls to Taylor attempted a friendly chat and only the fifth call intended to advertise a reverse home mortgage, LeadPoint may attest to that contention in a sworn affidavit supporting a motion for summary judgment. But the complaint plausibly alleges that Taylor received five "telephone solicitations" on April 22, 2021.

      Second, LeadPoint argues that the complaint warrants dismissal because the complaint fails to demonstrate that Taylor is a "residential subscriber" protected by 47 C.F.R. § 64.1200(c). Although conceding that the complaint alleges (1) that Taylor uses her phone "for residential . . . and . . . personal purposes," (2) that Taylor "does not have a landline . . . and used her cellular telephone in the same manner as one would use a landline," and (3) that Taylor "registered her number on the National Do Not Call Registry in January of 2009," LeadPoint insists that these allegations constitute bare assertions and that the complaint fails to "allege[] facts demonstrating how [Taylor] actually uses the telephone number." As Taylor persuasively demonstrates in response (Doc. 28 at 7–9), however, these allegations, "coupled with the TCPA's presumption that 'wireless subscribers who ask to be put on the national do-not-call list are residential subscribers,'" create the plausible inference that Taylor

---

[3] For example, upon answering the fifth call of the day from the same (unfamiliar) number and hearing "we've been trying to reach you about your car's extended warranty," no reasonable person would need to ask "but why did you call me the other four times?"

- 4 -

is a "residential subscriber." *Becker v. Pro Custom Solar LLC*, 2020 WL 474647, at *8 (M.D. Fla. 2020) (Steel, J.) (quoting *In re Rules & Regs. Implementing the TCPA*, 18 F.C.C. Rcd. 14014, 14039 (2003)). Thus, the complaint states a claim.

Finally, LeadPoint requests to stay this action pending the Eleventh Circuit's *en banc* rehearing of *Drazen v. Pinto*, No. 21-10199. Because *Drazen* "will inform what type of claimed injury suffices for Article III standing" to sue under the TCPA, LeadPoint argues that "a stay is prudent" and that the *en banc* decision in *Drazen* "will inform whether [Taylor] can proceed (1) with her claim and (2) with the class she seeks to certify." (Doc. 24 at 18)

Rehearing *Drazen v. Pinto*, 41 F.4th 1354 (11th Cir. 2022), *vacated*, 41 F.4th 1354, the *en banc* Eleventh Circuit perhaps will determine whether "the receipt of a single unwanted text message constitute[s] a concrete injury sufficient to confer Article III standing under the TCPA." (*Drazen*, Doc. 90) In *Drazen* and in *Salcedo v. Hanna*, 936 F.3d 1162 (11th 2019), on which *Drazen* principally relies, the plaintiffs sue under 47 U.S.C. § 227(b) and challenge a defendant's allegedly using an "automatic-dialing system" to send a single phone call or text message. That is, the plaintiffs in each action "are not complaining about the fact they were called. They are complaining about the fact that the automatic telephone dialing system did the calling." *Drazen*, 41 F.4th at 1362 n.14.

In this action, however, no plaintiff or class member challenges the means by which LeadPoint sent a solicitation. Instead, Taylor alleges that LeadPoint sent her several telemarketing calls despite Taylor's registering her phone number in the

- 5 -

national do-not-call registry. A plaintiff's receipt of several solicitations in direct contravention of a request not to receive any solicitation much more closely tracks the common-law tort of "intrusion upon seclusion" analogized in *Salcedo*, 936 F.3d at 1171, and thus confers standing. *See Cordoba v. DirectTV, LLC*, 942 F.3d 1259, 1270–71 (11th Cir. 2019) (distinguishing *Salcedo* and concluding that the receipt of more than one phone call in contravention of a "do-not-call" request confers standing); *see Drazen*, 41 F.4th at 1362 n.14 (distinguishing between an action in which the plaintiff challenges the manner of a solicitation and an action in which the plaintiff "asked not to be called—period").[4]

Although *Drazen*'s rehearing might support staying an action that sues under 47 U.S.C. § 227 (b), nothing plausibly suggests that *Drazen*'s forthcoming decision will answer or inform whether a plaintiff's receiving several calls despite a request not to receive calls confers standing under Section 227(c). And without any suggestion that *Drazen*'s *en banc* decision will alter Taylor's or the class's standing, the decision is not likely to resolve or alter this litigation, and a stay would not meaningfully benefit the parties or the court.

---

[4] In the motion (Doc. 24 at 13), LeadPoint suggests that *Drazen*, 41 F. 4th at 1362 n.14, questions *Cordoba* and that, consequently, the *en banc* decision might overrule *Cordoba*. But this suggestion misapprehends *Drazen*'s footnote. Rather than question *Cordoba*, the footnote questions *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, which applies *Cordoba* to an action under 47 U.S.C. § 227(b). *See Drazen*, 41 F.4th at 1362 n.14 ("The difference between *Cordoba* and *Glasser* and our case may present the need to reexamine *Glasser* in the future . . . ."). *Drazen* distinguishes *Cordoba*, an action in which "people asked not to be called—period," from *Glasser* and other decisions, including *Salcedo*, in which the plaintiffs "are not complaining about the fact they were called[,] [t]hey are complaining about the fact that the automatic telephone dialing system did the calling." Neither *Salcedo*, nor *Drazen*, nor *Drazen*'s *en banc* rehearing questions a plaintiff's standing to challenge several solicitations in direct contravention of the plaintiff's request "not to be called—period."

For these reasons and for others asserted in the reply, the motion (Doc. 24) to dismiss and the motion (Doc. 29) for leave to reply are **DENIED**.

ORDERED in Tampa, Florida, on July 14, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE